IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY G. BRAY,

   Plaintiff,

v.

LTD FINANCIAL SERVICES, L.P.,

   Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1.   Defendant LTD Financial Services, L.P. misrepresented to Plaintiff Jeffrey G. Bray that Mr. Bray owed a debt, and continued to contact him in an attempt to collect the alleged debt, after receipt of written demand that it cease all communications with him, that it verify the debt, and that Mr. Bray was represented by counsel.

2.   Mr. Bray seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and under the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA").

## Jurisdiction

3.   This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## Parties

4.   Plaintiff Jeffrey G. Bray resides in Albuquerque, New Mexico. He is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.   Defendant LTD Financial Services, L.P. is a foreign limited partnership whose principal

business is the collection of consumer debts.  It regularly collects or attempts to collect

debts owed or due or asserted to be owed or due another.  LTD Financial Services, L.P..

is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Facts

6.   Upon information and belief, an individual named Jeffrey F. Bray, fell behind in his

payments on a credit card account with Wells Fargo Bank ("Account").

7.   Upon information and belief, after this Account was in default, Wells Fargo Bank sold

the Account or assigned the right to collect the Account, to LTD Financial Services, L.P.

("LTD").

8.   In an effort to collect on the Account, LTD began making telephone calls, and leaving

voicemail messages for Plaintiff Jeffrey G. Bray ("Mr. Bray").

9.   Mr. Bray is not the same person as the debtor on the Account.

10.   LTD left several voicemail messages for Mr. Bray at his home telephone number.

11.   In the voicemail messages, the LTD representative, who identified herself as Margo

Knight, stated that she was calling from LTD, and the purpose of the telephone call was

to collect a debt.

12.   On September 11, 2009, Charles Parnall, the undersigned counsel, sent a letter to LTD

which is attached to this Complaint as Exhibit A ("Letter").

13.   In the Letter, Mr. Parnall informed LTD that he represented Mr. Bray.

14.   In the Letter, Mr. Parnall informed LTD that Mr. Bray disputed the Account.

15.   In the Letter, Mr. Parnall requested that LTD send verification of the debt to the Law

Office of Feferman, Warren & Treinen, P.A.

2

16.   In the Letter, Mr. Parnall requested that LTD immediately cease all communication with Mr. Bray.

17.   The Letter was faxed, and successfully transmitted, to LTD at (713) 414-2126.

18.   On or about September 14, 2009, LTD telephoned and spoke with Mr. Parnall concerning the Letter to LTD.

19.   On September 16, 2009, LTD telephoned Mr. Bray and left another voicemail in an attempt to collect on the Account.

20.   LTD never provided verification of the Account.

21.   LTD never sent Mr. Bray any written notices, letters or demands.

22.   Upon information and belief, LTD engages in a pattern and practice of attempting to collect debts from consumers who it knows, or should know, do not owe the debt.

23.   Upon information and belief, LTD engages in a pattern and practice of misrepresenting the status of debts, in connection with the collection of consumer debts.

24.   Upon information and belief, LTD engages in a pattern and practice of contacting consumers despite demands that it cease all communications with such consumers.

25.   As a result of Defendant LTD's actions, Mr. Bray suffered actual damages, including, but not limited to:

    1.   fear and apprehension;

    2.   embarrassment and humiliation;

    3.   frustration and aggravation;

    4.   inconvenience; and

    5.   lost time.

## First Claim for Relief: Violations of the FDCPA

26.    LTD's actions violate the FDCPA, including 15 U.S.C. §§ 1692(c)(a)(2), 1692(c)(c),

1692e, 1692e(2), 1692e(10), 1692g(a) and 1692g(b).

27.    Mr. Bray is entitled to recover statutory damages, actual damages and reasonable attorney

fees and costs.

## Second Claim for Relief: Violations of the Unfair Practices Act

28.    LTD's actions violate the UPA, NMSA 1978 § 57-12-2(D) generally and NMSA 1978 §§

57-12-2(D)(14) and (15) specifically.

29.    LTD willfully engaged in these violations of the UPA.

30.    Mr. Bray is entitled to obtain a prospective state-wide injunction LTD's unlawful

conduct.

31.    Mr. Bray is entitled to recover actual or statutory damages, actual or statutory damages

trebled, plus reasonable attorney fees and costs.

## Jury Demand

32.    Plaintiff hereby demands trial by six-person jury on all issues so triable.

## Request for Relief

Mr. Bray requests that this Court award:

A.    Injunctive relief enjoining LTD from attempting to collect debts from consumers who do

not owe the debts;

B.    Injunctive relief enjoining LTD from contacting consumers despite receipt of written

demand that it cease all communications with such consumers;

C.    Injunctive relief enjoining LTD from contacting consumers it knows are represented by

counsel;

4

D.      Injunctive relief enjoining LTD from continuing to dun consumers concerning alleged debts, after receipt of a written request for verification of the debt, where it fails to first verify the debt;

E.      Injunctive relief enjoining LTD from failing to provide written notice of a consumer's rights- per 15 U.S.C. § 1692g - within 5 days of its initial contact with the consumer;

F.      Statutory and actual damages, for violations of the FDCPA;

G.      Statutory or actual damages, trebled, for violations of the UPA;

H.      Reasonable attorney fees and costs; and

I.      Such other relief as the Court deems just and proper.


Respectfully submitted,

FEFERMAN, WARREN & TREINEN, P.A., Attorneys for Plaintiff


CHARLES PARNALL
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663